NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 13-4739 & 14-1343


UNITED STATES OF AMERICA

v.

KAYODE KASSIM,
Appellant in 13-4739

_____


UNITED STATES OF AMERICA

v.

JAMES UGOH,
Appellant in 14-1343

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 1-09-cr-0356-001 & 004)
District Judge: Hon. Sylvia H. Rambo

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
October 27, 2014

Before: McKEE, *Chief Judge*, GREENAWAY, JR., and
KRAUSE, *Circuit Judges*

(Opinion filed: April 1, 2015)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Chief Judge*.

Kayode Kassim and James Ugoh have appealed the sentences imposed on them by the district court after they entered guilty pleas pursuant to a plea agreement. They argue that the district court erred by impermissibly double counting when it applied a two-level enhancement for "sophisticated laundering" under U.S.S.G. § 2S1.1(b)(3) after it had already applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(10). We disagree and will affirm the district court.

This appeal involves application of two similar Sentencing Guidelines. One is U.S.S.G. § 2B1.1, which is captioned: "Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud or Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States." The other Guideline is Subsection (b)(10) which provides, in relevant part, as follows:

> If (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials; (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) the offense otherwise involved sophisticated means, increase by 2 levels.

A third Guideline, U.S.S.G. § 2S1.1 (captioned: "Laundering of Monetary Instruments; Engaging in Monetary Transactions Derived in Property from Unlawful Activity") states in subsection (b)(3): "If (A) subsection (b)(2)(B) applies; and (B) the

2

offense involved sophisticated laundering, increase by 2 levels." U.S.S.G 2S1.1(b)(2)(B) provides: "If the defendant was convicted under 18 U.S.C. § 1956, increase by 2 levels."[1]

Kassim and Ugoh both argue that the district court erred by double counting when it applied a two-level enhancement for "sophisticated laundering" under U.S.S.G. § 2S1.1(b)(3) after it had already applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(10). In a nutshell, they argue that the criminal conduct to which they pleaded guilty cannot support the imposition of the two enhancements when one provision has already been applied based on the same conduct. However, the district court did not double count.

Rather, the record clearly shows that the district court properly found that Kassim and Ugoh both engaged in *two different* criminal activities: (1) a sophisticated fraudulent scheme to illegally obtain funds that was committed outside the United States, which justified application of § 2B1.1(b)(10)(B) and (2) a separate sophisticated money laundering scheme that involved concealing the source of the unlawfully obtained funds. The latter conduct justified application of a sentencing increase under § 2S1.1(b)(3). Thus, the district court properly increased their sentences for distinct conduct that triggered application of two different Guidelines.

---

[1] Section 1956 is captioned: "Laundering of monetary instruments." Kassim and Ugoh pleaded guilty to, *inter alia*, conspiracy to commit wire fraud, mail fraud, and money laundering. Under U.S.S.G. § 1B1.2(d), a conviction for conspiracy to commit more that one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense.

3

For all of the above reasons, we will affirm the district court's judgments of conviction.